### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY O'MARA, and JILL O'MARA, <br><br>                    Plaintiffs, <br><br>vs. <br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, <br><br>                    Defendant. | Case No. 09-CV-229-GKF-FHM |

### **OPINION AND ORDER**

The following motions are before the undersigned United States Magistrate Judge for decision: Motion for Protective Order filed by non-party witness Michael L. Carr [Dkt. 41]; Plaintiff's Motion for Sanctions against Michael L. Carr [Dkt. 42]; Amended Motion for Protective Order filed by non-party witness Michael L. Carr [Dkt. 44]; and Motion for Attorney Fees by Defendant Government Employees Insurance Company (GEICO) [Dkt. 49].

Mr. Carr is a non-party witness in this case. Plaintiffs served a subpoena on Mr. Carr directing him to appear for deposition on September 17, 2009, at 9:00 a.m. at the offices of Plaintiff's counsel. The subpoena omitted to specify the method for recording the testimony as is required by Fed. R. Civ. P. 45(a)(1)(B).

Before the date of the deposition, GEICO filed a Motion for Protective Order [Dkt. 34] in which GEICO sought to postpone Mr. Carr's deposition until the court ruled on the matters raised in its motion. A hearing was held on September 15, 2009, at which time the issues raised in GEICO's motion were resolved and the way was paved for Mr. Carr's deposition to take place on September 17, 2009. [Dkt. 39].

On September 15, 2009, at 1:00 p.m., after being advised that the deposition would proceed on September 17, counsel for Mr. Carr sent a letter by way of facsimile to co-counsel for Plaintiff requesting that the deposition of Mr. Carr be taken at the office of Mr. Carr's counsel. [Dkt. 44-5]. Plaintiffs' attorneys did not respond to this communication. Instead, a series of e-mails were exchanged between counsel late in the afternoon of September 16, concerning the location of the deposition. Plaintiffs' counsel took the position that he was unable to contact all persons involved to re-set the deposition and that no alternative agreements would be reached. *Id.* at pp. 41-42. Counsel for Mr. Carr advised Plaintiffs' counsel that Mr. Carr would be present at his counsel's office for deposition.

Mr. Carr appeared at his attorney's office at 9:00 am on September 17, 2009, for his deposition. Plaintiffs' counsel, the court reporter and counsel for GEICO who traveled from Oklahoma City appeared at the offices of Plaintiffs' counsel and made a record about Mr. Carr's failure to appear pursuant to the subpoena. Instead of walking the two blocks from the offices of Plaintiffs' counsel to the offices of Mr. Carr's counsel, the deposition was not conducted.

The court finds that the request by counsel for Mr. Carr to have the deposition conducted at his office was timely and reasonable. The court finds: that the request is in conformity with the usual practice followed in this district that depositions are conducted at the offices of the witnesses' attorney; that Plaintiffs' counsel has not offered a sensible reason to deny that request; and that Plaintiffs' counsels failure to accommodate that request was unreasonable. The court finds that it would not have been an undue burden for counsel and the court reporter to travel the two blocks to the offices of counsel for Mr.

Carr to conduct the deposition on the morning of September 17, 2009. The court finds that the actions of Plaintiffs' counsel in failing to accommodate the reasonable request of counsel for Mr. Carr has resulted in the waste of attorney time expended by counsel for GEICO in attempting to attend the deposition.

A subpoena enables a party or an attorney to employ the power of the court to compel the attendance of a non-party for a deposition. Fed. R. Civ. P. 45(c)(1) is written so as to temper the use of the court's power by imposing a duty on the issuing party to take reasonable steps to avoid undue burden or expense on the person responding to the subpoena. Consequently, in a situation where a non-party makes a reasonable request for an accommodation, under Rule 45(c)(1), it is the responsibility of the one issuing the subpoena to grant the request. Moreover, Rule 45(c)(1) provides:

> The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

A sanction against Plaintiffs' counsel for the failure to take the reasonable step of convening the deposition at the offices of counsel for Mr. Carr is appropriate under the facts presented. Therefore Plaintiffs' counsel will be required to pay the reasonable attorney fees incurred by GEICO in attempting to attend the deposition of Mr. Carr on September 17, 2009. Counsel for Plaintiffs and counsel for GEICO are directed to confer in an attempt to agree on an appropriate amount. If no agreement is reached, GEICO may file a motion for the court to determine the amount of the fee award on or before October 5, 2009, any response by Plaintiffs' counsel may be filed in accordance with the usual schedule established by the Local Rules. Mr. Carr and Plaintiffs are to bear their own expenses.

3

Rule 45(c)(3)(A)(iv) provides that upon timely motion the court must quash or modify a subpoena that subjects a person to undue burden. Under the circumstances presented, the motion for protective order filed on September 17, 2009, at 9:17 am by Mr. Carr was timely filed. Therefore the court modifies the subpoena for Mr. Carr's deposition. Mr. Carr is required to appear for a deposition at the offices of his counsel, at a time convenient to Mr. Carr and agreeable to all parties.

Motion for Protective Order filed by non-party witness Michael L. Carr [Dkt. 41] is DENIED as MOOT, having been superceded by the Amended Motion; Plaintiff's Motion for Sanctions against Michael L. Carr [Dkt. 42] is DENIED; Amended Motion for Protective Order filed by non-party witness Michael L. Carr [Dkt. 44] is GRANTED in Part and DENIED in Part; and Motion for Attorney Fees by Defendant Government Employees Insurance Company (GEICO) [Dkt. 49] is GRANTED, as provided herein.

SO ORDERED this 28th day of September, 2009.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE