**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHNNY O'MARA and<br>JILL O'MARA,<br><br>      PLAINTIFF,<br><br>vs.<br><br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY,<br><br>      DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 09-CV-229-GKF-FHM<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This Opinion and Order addresses three discovery related motions which have been fully briefed and are ripe for decision.

In this case, Plaintiffs assert claims for breach of an insurance contract, bad faith and fraud and deceit. The facts relate to a motorcycle accident, Plaintiff's claims for under-insured motorist coverage for injuries suffered in the accident, and Defendant's handling of Plaintiffs' insurance claim.

> **Defendant's Motion to Compel the Social Security Administration's Production of Plaintiff Johnny O'Mara's Disability File, or, in the Alternative, to Compel Plaintiff to Execute the Requested Authorization to Enable Defendant to Obtain the Same [Dkt. 68]**

By this motion, Defendant seeks to compel compliance with a subpoena duces tecum served on the Social Security Administration to obtain Plaintiff Johnny O'Mara's entire Social Security disability file. Defendant claims the information is relevant to Plaintiff's damage claim and for impeachment purposes. In particular, Defendant

asserts the information is necessary to establish "to what extent Plaintiff's injuries existed before the accident." [Dkt. 68, p. 10].[1]

Plaintiff Johnny O'Mara responds that because Defendant has already paid the full amount of the under-insured motorist coverage, the issue of the damages from the accident has been resolved and therefore, the injuries that existed before the accident are not relevant.

Defendant's reply does not address Plaintiff's argument that the extent of Plaintiff's injuries before the accident is not relevant in light of Defendant's full payment of the under-insured motorist coverage. Instead, Defendant argues that Plaintiff and the Social Security Administration have waived any objection to the subpoena and repeats its arguments based on the broad scope of discovery under Fed.R.Civ.P. 26.

The subpoena was issued to the Social Security Administration from the District of Maryland. Any order compelling compliance with the subpoena would likewise have to issue from the District of Maryland. Fed.R.Civ.P. 45(c)(2)(B)(i). This Court, therefore, has no authority to compel the Social Security Administration to comply with the subpoena.

Defendant has alternatively moved for an order compelling Plaintiff Johnny O'Mara to execute an authorization for the Social Security Administration to release the records to Defendant. This Court does have the authority to issue such an order. It is unclear, however, whether Defendant ever served Plaintiff Johnny O'Mara with a discovery request for the records or for an authorization to obtain the records. If no

---

[1] Citations reflect the document and page number assigned by the CM/ECF docketing system.

proper discovery request was made, it may not be appropriate to issue such an order. It is not necessary for the Court to resolve this issue in light of the Court's conclusion that the records are not relevant.

There is no issue in the case concerning whether the injuries Plaintiff suffered in the accident exceeded the limits of the under-insured motorist coverage. The full amount of that coverage has been paid. Therefore, the extent of Plaintiff's injuries before the accident are simply not relevant to the bad faith and fraud issues in the case. Plaintiffs' damages relate to the alleged delay in making the payment and the manner in which the claim was handled.

Finally, even if there was some theoretical relevance to statements in the Social Security disability file, given the confidential nature of the information in the file, the Court would require a more specific identification of the information being sought and a showing of its relevance. A general request for the entire file pursuant to the broad discovery rules under Fed.R.Civ.P. 26 would be insufficient.

Defendant's Motion to Compel the Social Security Administration's Production of Plaintiff Johnny O'Mara's Disability File, or, in the Alternative, to Compel Plaintiff to Execute the Requested Authorization to Enable Defendant to Obtain the Same [Dkt. 68] is DENIED.

### Defendant's Motion to Compel the Centers for Medicare and Medicaid Services' Production of Plaintiff Johnny O'Mara's Medicaid File, or, in the Alternative, to Compel Plaintiff to Execute the Requested Authorization to Enable Defendant to Obtain the Same. [Dkt. 85]

This motion presents the same issues as Defendant's Motion to Compel [Dkt. 68]. For the same reasons, Defendant's Motion to Compel the Centers for Medicare and Medicaid Services' Production of Plaintiff Johnny O'Mara's Medicaid File, or, in the Alternative, to Compel Plaintiff to Execute the Requested Authorization to Enable Defendant to Obtain the Same [Dkt. 85] is DENIED.

### Plaintiffs' Motion to Strike, or in the Alternative, to Quash Defendant's Subpoena Duces Tecum to State Farm Mutual Insurance Company [Dkt. 95, 100] [2]

By this motion, Plaintiffs seek to quash a subpoena duces tecum to State Farm Insurance Company which commands production of their claims file relating to the same accident at issue in this case. Plaintiffs argue that the subpoena is facially invalid because it commanded the production of documents outside the discovery deadline in this case.

In response, Defendant explains that an earlier subpoena commanding production within the discovery deadline was served on State Farm but that State Farm could not locate that subpoena and requested a new one be issued. Defendant attached to its response brief a copy of the earlier subpoena and an affidavit of counsel that the earlier subpoena was served on State Farm.

---

[2] The Court Clerk modified the docket entry to indicate separate document numbers for this two-part motion. [Notice of Docket Entry Modification 11/16/09].

In reply, Plaintiffs contend that Defendant has not proven that State Farm was properly served with the earlier subpoena and, for the first time, assert the documents are not relevant.

The Court accepts the representation of defense counsel that the earlier subpoena was served on State Farm. Additionally, the Court finds that the documents sought are relevant for discovery purposes under Fed.R.Civ.P. 26. Plaintiffs' Motion to Strike, or in the Alternative, to Quash Defendant's Subpoena Duces Tecum to State Farm Mutual Insurance Company [Dkt. 95, 100] is therefore DENIED and State Farm is hereby ordered to comply with the subpoena duces tecum issued on October 27, 2009.

SO ORDERED this 8th day of December, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE