IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHNNY O'MARA and JILL O'MARA, )
)
       Plaintiffs, )
)
v. ) Case No. 09-CV-229-GKF-FHM
)
GEICO GENERAL INSURANCE )
COMPANY, )
)
       Defendant. )

## OPINION AND ORDER

On January 15, 2010, this court conducted a hearing on cross motions for partial summary judgment. The court denied plaintiffs' Motion for Partial Summary Judgment [Dkt. # 96] wherein plaintiffs sought summary adjudication on the issue of whether Jill O'Mara is an insured under the insurance contract. Counsel for plaintiffs stated on the record that the issue was one that could be resolved as a matter of law. [Dkt. #199, p. 23]. The court denied plaintiffs' motion for the reasons stated, including: the policy language defines an "insured" as including "Your relatives if residents of your household"; the policy defines a "relative" as "a person related to you who resides in your household"; at the time of the accident on October 1, 2006, plaintiff Johnny O'Mara was living not only with Jill, from whom he had been divorced on October 22, 2004, but also with his first ex-wife, Sara O'Mara, and his daughter, Lauren O'Mara. Jill, who is listed as Jill Schubert in the emergency room records on the accident date, had not moved in with Johnny, Sara, and Lauren until a "few months preceding October of '06." [Deposition of Johnny O'Mara, Dkt. 150-4, pg. 4, ln.23]. Plaintiffs do not contend that Johnny and Jill were common law married at the time of the accident. [Dkt. 199, p. 22, lns. 19-24]. Rather, they take the position "that the term 'related' is broad enough to include people who are cohabiting who have not engaged in a marriage, they just choose to live together." [Dkt. #199, p. 23, lns.1-3].

This court declined to adopt the plaintiffs' position and denied their motion for partial summary judgment, then asked defense counsel whether he wished the court to grant summary judgment in favor of defendants on the issue. Defense counsel stated that he was not asking for summary judgment. The following dialogue ensued:

THE COURT: I suspected because you want to get into the details at trial before this jury, don't you?

MR. PIGNATO: Well, there's some things we want to talk about.

THE COURT: In other words, you want to air all of this laundry, but you understand my concern with regard to judicial resources, you know, I've been in a trial not for four months and I've seen enough of an inside of a courtroom. If I can decide a matter as a matter of law I've got a real incentive to do it.

MR. PIGNATO: And I am not trying to burden the Court with unnecessary work or prolong the trial process. Obviously we will do what the court wants to do and I'm just being open and honest that we would like to try some of these issues.

[Dkt. # 199, p. 23, lines 12-25].

In the process of thinking about this case and preparing for the impending Final Pretrial Conference, this court concurs with plaintiff's counsel that the issue of whether Jill Schubert O'Mara was an insured at the time of the accident is one that may be resolved before trial as a matter of law.

The weight of authority is that summary judgment may be rendered in favor of the opposing party even though it has made no formal cross-motion under rule 56. *Doña Ana Mut. Domestic Water Consumers Ass'n v. City of Las Cruces*, 516 F.3d 900, 912 (10th Cir.2008) (internal quotation marks omitted). "As one commentator notes, 'the practice of allowing summary judgment to be

entered for the nonmoving party in the absence of a formal cross-motion is appropriate. It is in keeping with the objective of Rule 56 to expedite the disposition of cases and, somewhat more remotely, with the mandate of Rule 54(c) requiring the court to grant the relief to which a party is entitled 'even if the party has not demanded such relief in the pleadings.'" *Kannady*, 590 F.3d at 1170 n. 8. (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2720 (3d ed.1998) (footnotes omitted); and citing *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir.1995) (noting that if the district court grants summary judgment "in favor of an opposing party when one party has made a motion for summary judgment," "the failure of the court to provide notice may not be as detrimental since the moving party is at least aware that the issue has been raised").

A district court may grant summary judgment on a ground not formally raised in a summary judgment motion, "so long as the losing party was on notice that she had to come forward with all of her evidence." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1170 (10th Cir.2010) (quoting *Howell Petroleum Corp. v. Leben Oil Corp.*, 976 F.2d 614, 620 (10th Cir.1992); and citing *Holmes v. Utah, Dep't of Workforce Servs.*, 483 F.3d 1057, 1067 (10th Cir.2007)). "If a losing party was not prejudiced by the lack of notice, we will not reverse simply because the grant of summary judgment came sua sponte." *Kannady*, 590 F.3d at 1170 (quoting *Ward v. Utah*, 398 F.3d 1239, 1245-46 (10th Cir.2005)). "A party is procedurally prejudiced if it is surprised by the district court's action and that surprise results in the party's failure to present evidence in support of its position." *Kannady*, 590 F.3d at 1170-71 (quoting *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir.2000)). In this case, a sua sponte ruling ought not be a surprise to plaintiffs because plaintiffs' counsel suggested at the motion hearing that the matter could be decided as a matter of law, and the court discussed with both counsel whether the court ought to grant summary judgment on the issue in favor of the

defendants. Moreover, plaintiff Jill O'Mara was on notice prior to the hearing that she had to come forward with evidence in support of her motion for partial summary judgment. "When a district court's sua sponte determination is based on issues identical to those raised by a moving party, the risk of prejudice is significantly lowered because 'the judge already is engaged in determining whether a genuine issue of material fact exists and the parties have been given an opportunity to present evidence designed either to support or refute the request for the entry of judgment.'" *Kannady*, 590 F.3d at 1171 (quoting 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2720 (3d ed.1998); and citing *Bridgeway Corp.*, 201 F.3d at 140 ("The threat of procedural prejudice is greatly diminished if the court's *sua sponte* determination is based on issues identical to those raised by the moving party." (brackets and internal quotation marks omitted)); *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991) (holding that the district court's sua sponte decision to grant summary judgment against the moving party was not prejudicial in part because the court's "sua sponte determination [was] based on issues identical to those raised by the moving party")). Applying the controlling standards to the instant case, this court concludes that a sua sponte decision to grant summary judgment would not be prejudicial to Jill O'Mara because such a determination is based on issues identical to those she raised in her motion for partial summary judgment.

Granting summary judgment on the issue of whether Jill O'Mara is an insured under the policy "is in keeping with the objective of Rule 56 to expedite the disposition of cases." *Kannady*, 590 F.3d at 1170 n. 8 (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2720 (3d ed.1998). In the interest of judicial efficiency and for the purpose of simplifying the issues for the jury and the parties in the upcoming trial, this court concludes that the issue ought to be resolved by summary judgment in favor of the remaining defendant.

5

Insofar as there is no genuine dispute of material fact, and for the reasons set forth above and on the record at the hearing held January 15, 2010, summary judgment is hereby granted in favor of defendant GEICO General Insurance Company on the issue of whether Jill O'Mara was an insured under the insurance contract. Specifically, Jill O'Mara was not an insured under the insurance contract.

IT IS SO ORDERED this 1st day of July, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma