**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOHNNY O'MARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-229-GKF-FHM |
| | ) | |
| GEICO GENERAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Before the court is the defendant's Motion for Leave to Deposit Funds With Court [Document 300]. Plaintiff has filed a response, and defendant filed its reply on November 29, 2010.

On October 28, 2010, this court entered Judgment in favor of plaintiff and against the defendant in the amount of $125,000.00. On November 2, 2010, by correspondence faxed to plaintiff's counsel at 5:23 p.m. after the close of the traditional business day, defendant's counsel offered to pay plaintiff the full amount owed, plus any post-judgment interest accrued, to satisfy the terms of the Judgment. Plaintiff has appealed the Judgment to the Tenth Circuit Court of Appeals and, understandably, does not wish to accept full payment of the Judgment and moot the appeal. Defendant asks this court to permit deposit of the $125,000 into court, plus post-judgment interest limited to the period from October 28, 2010 to November 2, 2010.

Although Fed. R. Civ. P. 67 permits deposit into the court to stop the running of interest, the money must be actually deposited to stop the accrual of interest, as a defendant continues to have the use and control of the funds until deposit. *United States ex rel Garrett v. Midwest Constr. Co.*, 619 F.2d 349, 353-54 (5th Cir. 1980); *Fassbinder v. Pennsylvania R. Co.*, 233 F.Supp. 574, 575-76 (W.D. Pa. 1964). The court therefore rejects GEICO's request to limit post-judgment interest to the period from October 28, 2010 to November 2, 2010. Post-judgment interest shall be paid up to the

date on which the monies are paid into court pursuant to Fed. R. Civ. P. 67(a).

Plaintiff argues that this court lacks jurisdiction to hear the present motion while the case is on appeal. Plaintiff also argues that "[f]orcing an acceptance of the Judgment amount could, arguably, lead to the conclusion that an appeal is moot, or that Plaintiff is estopped from pursuing an appeal." Finally, plaintiff argues that there "must be some dispute regarding who will ultimately receive the funds in order for Rule 67 to be invoked."

The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The district court's role pending appeal is limited to performing ministerial functions and preserving the status quo until decision by the appellate court. *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1992). Resolution of the instant motion does not compromise or affect those aspects of the case involved in the appeal. This court concludes it has jurisdiction to resolve the instant motion.

Plaintiff cites *Ingram v. Groves*, 202 P. 1019 (Okla. 1922) for the proposition that granting the present motion might moot the appeal. *Ingram*, however, dealt with a party who voluntarily accepted from his adversary the benefits accruing to him under a judgment, which operated as a waiver of his right to prosecute an appeal. Defendant here does not ask the court to "force acceptance of the Judgment," and payment of the amount into court pursuant to Rule 67 for the stated purpose of stopping the running of interest does not constitute "acceptance of the Judgment" on the part of plaintiff.[1]

Plaintiff cites *Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir. 1969), in

---

[1] One might legitimately question the weight of defendant's stated concern when the post-judgment interest rate is a meager 0.22%.

support of his contention that "there must be some dispute regarding who will ultimately receive the funds deposited for Rule 67 to be invoked." *Baxter* involved a trial court's pre-judgment order sequestering monies due and payable to defendants under a contract without requiring compliance with Iowa state governing attachment. The trial court entered the order in reliance on Fed. R. Civ.P. 67. The Eighth Circuit held that Rule 67 was not an "equitable" alternative to the applicable state law of attachment, and that "Rule 67 was not intended for such a one-sided before-judgment consequence." *Id.* at 1126. *Baxter* is clearly distinguishable from the case at bar. Moreover, as set forth above, Fed.R.Civ.P. 67 permits deposit into court to stop the running of interest. *United States ex rel Garrett v. Midwest Constr. Co.*, 619 F.2d 349, 353-54 (5th Cir. 1980); *Fassbinder v. Pennsylvania R. Co.*, 233 F.Supp. 574, 575-76 (W.D. Pa. 1964); 13 *Moore's Federal Practice*, § 67.02 (3rd ed.).

For the reasons set forth above, defendant's Motion for Leave to Deposit Funds With Court [Document 300] is granted. Pursuant to Rule 67(b), "[m]oney paid into court . . . must be deposited . . . in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest bearing instrument." The deposit shall further comply with this court's local rule pertaining to the deposit of funds in court, LCvR67.1.

IT IS SO ORDERED this 7th day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma